In re Kye TROUT, Jr.

Kye TROUT, Jr., Appellant,

v.

Mary S. TROUT, Appellee.

No. 93–1037.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1993.

Decided Feb. 2, 1993.

---

Phillip D. Armstrong, Minot, ND, argued, for appellant.

Lawrence A. Dopson, Bismarck, ND, argued, for appellee.

Before FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN and HANSEN, Circuit Judges.

PER CURIAM.

We dismiss this appeal as premature pursuant to Federal Rule of Appellate Procedure 4(a)(4).

On November 2, 1992, the district court affirmed the bankruptcy court's decision to exclude certain property from the bankruptcy estate of Kye Trout, Jr. On November 17, 1992, Phillip D. Armstrong, trustee of the bankruptcy estate, filed a motion in the district court entitled "Motion for Reconsideration." On December 1, 1992, the trustee appealed the district court's November 2 order. The district court had not yet ruled on the trustee's Motion for Reconsideration at the time the trustee filed the notice of appeal.

▨ The trustee cites no federal rule of civil or appellate procedure in his Motion for Reconsideration, "leav[ing] the characterization of the motion to the court's somewhat enlightened guess, subject to the hazards of ... losing the opportunity to present the merits underlying the motion to [this] court because of delay." *Sanders v. Clemco Industries*, 862 F.2d 161, 168 (8th Cir.1988) (footnote omitted). Because the trustee filed the motion within ten days, excluding intervening weekends and holidays, of the filing date of the district court's order, we nevertheless construe the self-styled Motion for Reconsideration as a motion filed pursuant to Federal Rule of Civil Procedure 59(e). Accordingly, we dismiss the appeal as premature.

▨ While we were able to construe the trustee's motion as one that comports with the Federal Rules of Civil Procedure in this particular situation, we warn counsel of the danger of failing to follow and to cite the appropriate procedural rule in the first instance, and we repeat the following admonition:

Aggrieved parties in bench trials should not file motions labeled "motion for reconsideration" in federal district court. *The Federal Rules of Civil Procedure do not provide for such a motion.* Instead, the motion should be properly des-

ignated under the rule authorizing the motion, such as Rule 52 or 59.

*Sanders,* 862 F.2d at 170 (emphasis added).