In re Daniel P. MONTGOMERY.

Bankruptcy No. 91–2578S.

United States Bankruptcy Court,
E.D. Arkansas, W.D.

March 10, 1993.

Janie Evans, Hot Springs, AK, for Ruth Gay Montgomery.

Bruce MacPhee, Hot Springs, AK, for debtor.

A.L. Tenney, Chapter 13 trustee.

### ORDER OVERRULING OBJECTION TO MODIFIED PLAN

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon an Objection to the Modified Plan, filed on November 19, 1992, and the amended objection filed on January 12, 1993. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(L).

The debtor filed a voluntary Chapter 13 petition in bankruptcy on October 21, 1991. He also submitted a proposed plan which provided that he would surrender his equity in certain real property held with his ex-wife, "in satisfaction" of over $17,000 in child support arrearages. The debtor neglected to make any provision for payment of approximately $25,000 owed to his ex-wife regarding that real property. That debt arose when the debtor failed to pay his one-half share of the mortgage on the home where his children lived.

The debtor's ex-wife, Ms. Montgomery, filed a pro se objection to confirmation on February 10, 1992, and an amended objection on May 11, 1992. On May 12, 1992, after the matter was called for hearing, the Court determined that Ms. Montgomery could not proceed effectively without assistance of counsel. Accordingly, the Court continued the matter in order for Ms. Montgomery to obtain counsel. An attorney entered an appearance and filed an objection to confirmation on June 17, 1992, which objection was set for hearing. When the matter was called for hearing, on August 11, 1992, the parties were so unprepared that the Court, *sua sponte*, halted the hearing and thereafter issued a pretrial Order directing exchange of exhibits and witness lists.

Ms. Montgomery hired new counsel on September 11, 1992, Mr. Geoffrey Treece,

who obtained a settlement of the matter. Mr. Treece submitted an Order to the Court for signature which set forth the settlement of the parties. This Order was filed and entered on October 20, 1992, after which, pursuant to the agreement, the debtor filed and noticed a proposed modification to the plan.

On November 19, 1992, Ms. Montgomery filed a pro se objection to the modification, asserting that she did not agree with the terms of the settlement. At this point, Mr. Treece sought, and was granted, permission to withdraw as counsel of record for Ms. Montgomery.

On January 12, 1993, the Court called the amended objection for hearing, at which time a third attorney appeared on behalf of Ms. Montgomery. Since there existed assertions that the settlement previously reached by the parties was void, the Court continued the matter in order that Mr. Treece could testify regarding his authority to settle the contested matter. On February 25, 1993, the Court once again called the matter for hearing, at which time the parties presented evidence regarding the settlement entered into between the parties.

■ It is questionable whether this matter is properly before the Court. The debtor asserts that further litigation of the issues raised by the objection to the modified plan are foreclosed by virtue of the Order entered October 20, 1992. This argument has merit because there exists an Order of Court resolving the issues raised by the objection to confirmation. Until a motion is filed to set aside an Order, *see,* *e.g.,* Fed.R.Bankr.Proc. 9024, the matter is concluded. Any attempt to litigate issues resolved by this Order is not properly before the Court until that Order is set aside. *Cf. In re North Broadway Funding Corp.,* 34 B.R. 620 (Bankr.E.D.N.Y.1983); *Trout v. Trout,* 984 F.2d 977 (8th Cir.1993) (requiring parties to follow procedural rules in filing motions). Despite these procedural infirmities, the Court heard testimony and argument on the issue of whether there exists a valid settlement as reflected in the Order of October 20, 1992.

■ In order for a settlement to be valid, the attorneys must be cloaked with the appropriate authority and there can be no fraud or mutual mistake as to the effect of the agreement. *Boyd,* 356 F.Supp. at 922–23. If the attorneys negotiating the settlement have authority from their respective clients, the agreement made by the attorneys is binding upon the clients. *McKenzie v. Boorhem,* 117 F.Supp. 433 (W.D.Ark.1954). Whether the attorney is clothed with the appropriate authority is a factual issue. *Rowland v. Worthen Bank & Trust Company, N.A.,* 13 Ark.App. 139, 680 S.W.2d 726 (Ark.Ct.App.1984).

■ Due to court preference for settlements, "one who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity. . . ." *Boyd v. Larco–Industrial Painting Corp.,* 356 F.Supp. 917, 922 (W.D.Ark.1973) (quoting *Callen v. Pennsylvania R. Co.,* 332 U.S. 625, 630, 68 S.Ct. 296, 298, 92 L.Ed. 242 (1948); *Accord In re North Broadway Funding Corp.,* 34 B.R. 620 (Bankr.E.D.N.Y.1983); *Justine Realty Co. v. American National Can Co.,* 976 F.2d 385, 391 (8th Cir.1992). An agreement will not be set aside because one party later decides it is disadvantageous. *Worthy v. McKesson Corp.,* 756 F.2d 1370, 1373 (8th Cir.1985).

■ Ms. Montgomery asserts that since Mr. Treece did not have the authority to settle her case, the October 20, 1992, Order is invalid. Upon review of the documentary evidence and after considering the testimony and demeanor of the witnesses, the Court concludes that Mr. Treece had authority from Ms. Montgomery to make an offer of settlement to debtor's counsel. Once that offer was accepted by counsel, there existed a valid enforceable settlement agreement which was later reduced to a valid Order of Court. *See McKenzie v. Boorhem,* 117 F.Supp. 433 (W.D.Ark.1954).

■ Ms. Montgomery held two claims against the debtor. First, debtor owed approximately $17,000 in child support arrearages. Ms. Montgomery also obtained judgment against debtor in the amount of $14,-

250 plus interest for his failure to pay one-half of the mortgage payment on certain real property. The debtor's plan proposed to abandon his interest in the residence in satisfaction of all debts. Clearly, this provision in the plan was insufficient under the Bankruptcy Code.

Mr. Treece, with his client's concurrence, obtained virtually the maximum relief available to her. Under the settlement, Ms. Montgomery relinquished only the amount it would cost her to revive her state-court judgments and a full trial on the merits of her objection to the plan. The Order of October 20, 1992, incorporating the terms of the settlement agreement has four basic provisions. First, the objection to confirmation was sustained and the debtor granted twenty days to modify his plan. Second, the debtor agreed that Ms. Montgomery's state court judgment for child support arrearage could be revived in the appropriate state court proceeding. The agreement also protected Ms. Montgomery's rights in the event of a dismissal of the case or default under the plan. The debtor was required to increase the amount and length of his plan to meet these terms.

Third, the debtor recognized that Ms. Montgomery had a valid lien against debtor's interest in the real property in the approximate sum of $25,000, including interest. Since debtor's interest in the residence was only $20,000, Ms. Montgomery was undersecured in the amount of $5,000. The agreement provided that debtor would surrender his interest by delivering, upon confirmation of the plan, a quit claim deed to Ms. Montgomery. Ms. Montgomery would not be entitled to any deficiency.[1]

Fourth, the parties agreed that Ms. Montgomery had an unsecured priority claim in the amount $17,324 for child support arrearage of which the debtor agreed to pay $15,000 through the plan, the remainder to be discharged. The $15,000 figure was derived from rounding and estimating the cost of further litigation and

other costs associated with protecting Ms. Montgomery's claim. Further, the debtor, with the trustee's concurrence, agreed that Ms. Montgomery would be paid at least $200 each month. That is, unlike most unsecured claims, the trustee would pay her at the same time, or ahead of, the secured creditors.

This agreement was reached after Mr. Treece made an offer to debtor's counsel which was accepted. Mr. Treece testified that he explained his analysis of the case and figures to Ms. Montgomery, as well as the basis for a proposed settlement. Treece further testified that Ms. Montgomery gave him the authority to make an offer to debtor's counsel based on this information. The offer was made and accepted.

Subsequent to the acceptance, there were further communications and minor adjustments to the proposed Order in order to fully state that agreement of the parties. After the offer was accepted, Ms. Montgomery had reservations and wished to withdraw or invalidate the agreement. Since a valid, enforceable settlement had been reached, Mr. Treece advised her that he did not deal with clients or other attorneys in that manner and offered to withdraw as counsel.

It is clear from Ms. Montgomery's correspondence and testimony at trial that she does not fully comprehend the legal effect of bankruptcy or the language of the Order. The Court believes that Mr. Treece explained her rights to her and what relief she could reasonably expect under the Bankruptcy Code. The Court further believes that Ms. Montgomery understood the terms of the settlement at the time she authorized it. She is before the Court now because she does not understand that the Order to which she agreed in fact gives her virtually all that she requested. Thus, she cannot even argue that the settlement is prejudicial to her.

---

1. Since Ms. Montgomery was undersecured by $5,000, she would only be entitled to a pro rata payment with the other general unsecured creditors. Under the modified plan, providing for an additional $15,000 of payments, it is likely that the general unsecured creditors will receive little or nothing on their claims.

Based upon the testimony and demeanor of both Ms. Montgomery and Mr. Treece, the Court finds that Ms. Montgomery in fact authorized Mr. Treece to make a settlement offer. The authorized offer was accepted thereby creating a binding agreement. Since the objections to confirmation raise only issues that were settled by the Order of October 20, 1992, it is

**ORDERED** that the "Creditor's Objection to the Modified Plan Before Confirmation," filed on November 19, 1992, and the "Amended Objection to Confirmation of Plan," filed on January 12, 1993, are OVERRULED.

**IT IS SO ORDERED.**