RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0173P (6th Cir.)
File Name: 02a0173p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

EDGAR ALLEN GIBSON and
LESLIE GIBSON,
     *Plaintiffs-Appellants,*

     *v.*

AMERICAN BANKERS
INSURANCE COMPANY,
     *Defendant-Appellee.*

No. 00-5560

Appeal from the United States District Court
for the Eastern District of Kentucky at Pikeville.
No. 99-00232—Joseph M. Hood, District Judge.

Argued: September 19, 2001

Decided and Filed: May 16, 2002

Before: GUY and MOORE, Circuit Judges; HULL,
District Judge.*

———————————

## COUNSEL

**ARGUED:** Timothy D. Belcher, Elkhorn City, Kentucky, for
Appellants. Gerald J. Nielsen, NIELSEN LAW FIRM,

_____

   *The Honorable Thomas G. Hull, United States District Judge for the
Eastern District Of Tennessee, sitting by designation.

Metairie, Louisiana, for Appellee. **ON BRIEF:** Timothy D. Belcher, Elkhorn City, Kentucky, for Appellants. Gerald J. Nielsen, NIELSEN LAW FIRM, Metairie, Louisiana, Roger L. Massengale, LAW OFFICES OF ROGER L. MASSENGALE, Paintsville, Kentucky, for Appellee.

GUY, J., delivered the opinion of the court, in which HULL, D. J., joined. MOORE, J. (pp. 10-23), delivered a separate opinion concurring in part and dissenting in part.

————————

## OPINION

————————

RALPH B. GUY, JR., Circuit Judge. Plaintiffs, Edgar Allen Gibson and Leslie Gibson, appeal the dismissal of their suit seeking recovery under a standard flood insurance policy. Plaintiffs argue that their claims were not barred by the statute of limitations and that their state law claims should have been remanded to state court. We affirm.

### I.

Plaintiffs purchased a standard flood insurance policy (SFIP) issued by defendant, American Bankers Insurance Company, under authority of the National Flood Insurance Act (NFIA), 42 U.S.C. § 4001. Plaintiffs claimed their home and its contents were damaged by a flood on April 19, 1998. On June 10, 1998, defendant denied coverage under the SFIP. On June 9, 1999, plaintiffs filed this action in Kentucky state court alleging breach of contract, violation of Kentucky law, and breach of the fiduciary obligations of good faith and fair dealing. On June 29, 1999, pursuant to 28 U.S.C. § 1441, defendant removed the case on the basis of federal question jurisdiction. 28 U.S.C. § 1331. Defendant argued that plaintiffs' claims could only be pursued under the NFIA.

With respect to the third *Andrews v. Orr* factor, the Gibsons were not lax in pursuing their claims, having filed their state lawsuit within the one-year federal statute of limitations. If the lack of state court jurisdiction had been clear, it seems likely that they would have filed within the limitations period in federal court. Considering prejudice to the defendant, the fourth *Andrews v. Orr* factor, American cannot claim prejudice or unfairness as a result of the Gibsons' failure to file in federal court within the one-year statute of limitations, as it was able to remove the action to federal court in the same month as the limitations period expired. *Cf. Farrell*, 870 F.2d at 1134 ("Where circumstances arise in which the plaintiff has been diligent and the defendant has been given adequate notice of the claim, courts must be flexible to assure that the true purpose of the [statute of limitations] is served.") (quotation omitted). *See also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period . . . ."); *Burnett v. N.Y. Cent. R. Co.*, 380 U.S. 424, 428 (1965) ("Statutes of limitations are primarily designed to assure fairness to defendants.").

Having considered the *Andrews v. Orr* factors, I would conclude that the equities in the present case weigh in favor of equitable tolling. Given that Congress has not indicated that equitable tolling is not permitted under the NFIA, I would hold that the one-year statute of limitations was tolled by the Gibsons' filing in state court and thus that the district court erred in holding that their claims were time-barred.

### III.

For the foregoing reasons, I respectfully dissent from those parts of the majority's opinion holding that federal law preempts the Gibsons' state-law tort claims and that equitable tolling does not apply.

Gibsons that it was not clear that the state court lacked jurisdiction over their lawsuit. The status of the quoted provision is ambiguous. In this context, one must remember that WYO policies are issued by *private insurance companies*, not the federal government. The terms of insurance contracts issued by private companies typically do not deprive state courts of jurisdiction. Although the provision could be read as a forum selection clause, such provisions are contractual, rather than legal, in nature, and thus they generally do not deprive state courts of jurisdiction.

Moreover, the WYO insurer does not argue that the SFIP stripped Kentucky courts of jurisdiction over the Gibsons' claims but rather that 42 U.S.C. § 4072 did. At the time of the Gibsons' filing in state court, there was no Sixth Circuit precedent construing that provision with respect to the issue of exclusive federal court jurisdiction over cases arising under the WYO program. The literal language of § 4072, which applies only to claims against "the Director," certainly does not provide "notice" as to where lawsuits against *private WYO insurers* must be brought. Unlike future litigants in the Sixth Circuit, the Gibsons did not have the benefit of a controlling decision on this issue of statutory construction. *Cf. Fox*, 615 F.2d at 720 ("Given the absence of any . . . controlling decision . . . we do not believe that Fox should be prejudiced for having adopted the jurisdictional theory which the court ultimately decided not to accept.").

In reaching this conclusion, I note that, when faced with a similar lawsuit, one of our sister circuits initially reached the conclusion that the federal courts lacked jurisdiction over state-law tort claims brought by an insured against a WYO insurer. *See Van Holt*, 163 F.3d at 164. When federal judges find it difficult to determine whether federal courts have jurisdiction over a claim, it seems unfair to hold litigants (and their attorneys) responsible for making the same mistake. In other words, I would find that the Gibsons' ignorance of the legal requirement for the filing of their claim was not unreasonable, under the fifth *Andrews v. Orr* factor. *See Dunlap*, 250 F.3d at 1008.

After removal, a magistrate judge granted defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6).[1] The judge found that (1) plaintiffs' claims were based on defendant's denial of coverage under an SFIP issued under the NFIA, (2) claim disputes under SFIPs are within the exclusive jurisdiction of the federal district courts, (3) plaintiffs failed to file their claims in federal district court within NFIA's one year statute of limitations, and (4) the statute of limitations was not tolled by plaintiffs' filing in state court because that court did not have jurisdiction under NFIA. The magistrate judge found that plaintiffs' challenge to the disposition of their SFIP claim must be adjudicated exclusively in federal court under the NFIA and refused to remand the state law claims. Plaintiffs appealed.

## II.

A dismissal pursuant to a Rule 12(b)(6) motion is reviewed *de novo. See S.W. Williamson County Cmty. Ass'n v. Slater*, 173 F.3d 1033, 1035 (6th Cir.1999). Dismissal of a complaint because it is barred by the statute of limitations is proper when "the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle him to relief." *Duncan v. Leeds*, 742 F.2d 989, 991 (6th Cir. 1984) (emphasis in original) (internal quotation marks and citation omitted).

Plaintiffs argue that their claims are not barred by the statute of limitations because the filing in state court tolled the one-year statute under NFIA. The filing in a state court of competent jurisdiction tolls the statute of limitations during the pendency of the state action. *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424 (1965). We agree with the district court that plaintiffs' claims disputing the handling and denial of coverage under the SFIP were within the exclusive jurisdiction of the federal district court and, therefore, the filing in state court did not toll the statute of limitations.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to the assignment of the case to a magistrate judge for final disposition.

NFIA was enacted to provide a unified national program to reduce and avoid losses due to flood by making reasonably priced flood insurance available for residential and commercial properties. The Federal Emergency Management Administration (FEMA) administers the National Flood Insurance Program. 42 U.S.C. § 4081(a). Congress authorized FEMA to "prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance." 42 U.S.C. § 4019. FEMA established a comprehensive regulatory scheme setting forth the rights and responsibilities of insureds and insurers under the National Flood Insurance Program. *See* 44 C.F.R. Pts. 61-78 (2000). Under regulatory authority granted by Congress in 42 U.S.C. § 4081(a), FEMA created the "Write Your Own" (WYO) program, which authorizes private insurance companies, such as defendant, to issue SFIPs.

Jurisdiction and the statute of limitations for claims made under NFIA are defined in 42 U.S.C. § 4072:

[U]pon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

*See also* 44 C.F.R. § 62.22. We have concluded that this language mandates that federal district courts have exclusive jurisdiction over suits under NFIA. *See State Bank of Coloma v. Nat'l Flood Ins. Program*, 851 F.2d 817 (6th Cir. 1988).

The insurance policy in *State Bank* was issued directly by FEMA, as opposed to a policy, like the one in this case, that

*Andrews v. Orr* unless there is congressional authority to the contrary." *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), set out five factors to be balanced in determining whether to apply equitable tolling. Those factors are: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008.

In considering the first two *Andrews v. Orr* factors, the WYO insurance policy itself provided the Gibsons with notice of the filing requirement or, at minimum, provided them with constructive knowledge of it. Under 44 C.F.R. §§ 61.4(b)[6] and 61.13(d),[7] all WYO policies contain the terms and conditions of the Standard Flood Insurance Policy ("SFIP") and its endorsements. The SFIP and endorsements are found in 44 C.F.R. pt. 61, app. A(1)-(6). As the majority correctly points out, the SFIP and endorsements clearly state that lawsuits arising out of WYO policies must be brought in federal district court: "If you do sue, you must start the suit within 12 months from the date we mailed you notice that we have denied your claim . . . and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss." *Id.* app. A(1), art. 9(R).

The majority places a great deal of weight on this language in the SFIP. Despite this language, however, I agree with the

---

[6] This provision states, in relevant part: "All flood insurance made available under the Program is subject . . . [t]o the terms and conditions of the Standard Flood Insurance Policy . . . ."

[7] This provision states, in relevant part: "The Standard Flood Insurance Policy and required endorsements must be used in the Flood Insurance Program, and no provision of the said documents shall be altered, varied, or waived other than by the express written consent of the Administrator . . . ."

## II.  EQUITABLE TOLLING

The Gibsons also argue that the filing of their lawsuit in state court tolled the one-year statute of limitations under § 4072 and thus that their lawsuit should not have been dismissed as time-barred.  As the preceding discussion makes clear, the instant case presents difficult issues of statutory construction and preemption analysis, issues on which reasonable minds can reach very different conclusions.  In light of the difficult issues presented in this case, I would hold that the Gibson's filing of their state-law action equitably tolled the one-year statute of limitations found in 42 U.S.C. § 4072.

The issue here can be reduced to whether the state court's lack of jurisdiction was clear.  Our precedents establish that "the filing of an action in a court that clearly lacks jurisdiction will not toll the statute of limitations." *Farrell v. Automobile Club of Michigan*, 870 F.2d 1129, 1133 (6th Cir. 1989).  *See also Fox v. Eaton Corp.*, 615 F.2d 716, 719 (6th Cir. 1980) ("[A]s a general matter, the filing of an action in a court that clearly lacks jurisdiction will not toll the statute of limitations."), *cert. denied*, 450 U.S. 935 (1981).

In *Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir.), *cert. denied*, -- U.S. --, 122 S. Ct. 649 (2001), this court held that equitable tolling is only appropriate "after a court has properly considered and balanced the factors set out in

completely preempt state-law claims prior to the effective date of the new SFIP.

    In reaching this conclusion, I place "some weight," *Geier*, 529 U.S. at 883, on FEMA's view that subjecting WYO insurers to state-law tort liability conflicts with the accomplishment of the objectives of the NFIA. In future cases interpreting the new SFIP, which expressly preempts state law, FEMA's view would likely prevail.  In the present case, however, I would hold that FEMA's concerns are outweighed by the language of the NFIA and of the SFIP purchased by the Gibsons.  The *Geier* Court did not hold that the agency's views on conflict are dispositive, but only that, under the appropriate circumstances, "the agency's own views should make a difference." *Id.*

was issued by a private insurance company under the WYO program.  In *Van Holt v. Liberty Mutual Fire Insurance Company*, 163 F.3d 161, 166-67 (3d Cir. 1998), the Third Circuit addressed this difference and concluded:

> For several reasons, a suit against a WYO company is the functional equivalent of a suit against FEMA.  First, a WYO company is a fiscal agent of the United States. 42 U.S.C. § 4071(a)(1).  Second, FEMA regulations require a WYO company to defend claims but assure that FEMA will reimburse the WYO company for defense costs. 44 C.F.R. § 62.23(i)(6).  Third, an insured's flood insurance claims are ultimately paid by FEMA.  After a WYO company depletes its net premium income, FEMA reimburses the company for the company's claims payments. 44 C.F.R. Pt. 62, App. A, Art. IV(A).  When a WYO company's proceeds from insurance premiums exceeds its current expenditures, it must pay the excess proceeds to the FIA.  44 C.F.R. Pt. 62, App. A, Art. VII(B).  Although a WYO company collects premiums and disburses claims, only FEMA bears the risk under the flood insurance program.  Thus, a lawsuit against a WYO company is, in reality, a suit against FEMA.

The Third Circuit noted that to construe § 4072 narrowly to confer exclusive jurisdiction only in cases against FEMA would cause anomalous results:

> Because FEMA bears the risk and financial responsibility regardless of whether the lawsuit formally names FEMA or a WYO company as the defendant, it would make little sense for Congress to have intended to create original exclusive jurisdiction for suits against FEMA but not for suits in which FEMA's fiscal agent is the nominal defendant.

*Id*. at 167.

We adopt the Third Circuit's reasoning and hold that § 4072 provides exclusive subject matter jurisdiction over suits against a WYO insurance company arising out of a

disputed flood insurance claim. *See also Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1349 (11th Cir. 2000) (holding that federal courts have jurisdiction over suits brought under policies issued by WYO companies). *But see Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 680 (7th Cir. 2001) (declining to follow the Third Circuit's reasoning in *Van Holt*).

We have also held, however, that if the state court does not clearly lack jurisdiction, equitable tolling may still apply. *Farrell v. Auto. Club of Mich.*, 870 F.2d 1129, 1133 (6th Cir. 1989). Equitable tolling should be applied sparingly and only when exceptional circumstances prevented timely filing through no fault of the plaintiff. *Ayers v. United States*, 277 F.3d 821, 828 (6th Cir. 2002).

When plaintiffs filed their suit in state court, the Sixth Circuit had not addressed whether such claims were within the exclusive jurisdiction of the federal district courts. At that time, however, every court that had addressed this issue concluded that § 4072 conferred federal district court jurisdiction over suits against WYO companies for SFIP payment disputes. *See Van Holt*, 163 F.3d at 166; *Miller v. Am. Bankers' Ins. Group*, 85 F. Supp.2d 1297, 1300 (S.D. Fla. 1999); *Parsons Footwear, Inc. v. Omaha Prop. & Cas. Co.*, 19 F. Supp.2d 588, 591 (N.D. W. Va. 1998); *Webb v. Aetna Ins. Co.*, No. CIV. A. 97-0550, 1997 WL 433500 (E.D. La. July 31, 1997). There were, therefore, no competing jurisdictional theories to justify the application of equitable tolling. *See Fox v. Eaton Corp.*, 615 F.2d 716, 718-20 (6th Cir. 1980).

In addition, plaintiffs' SFIP specifically stated:

*Conditions for Filing a Lawsuit*: You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within 12 months from the date we mailed you notice that we have denied your claim, or part of your claim, and you must file the suit in

ordinarily not to be implied absent an 'actual conflict.'"). Any asserted conflict in the present case is simply not clear enough to justify preemption of the Gibsons' state-law tort claims.

The argument that insurers will refuse to participate in the system unless they are insulated from state-law tort claims in the flood-insurance area fails to take account of the fact that insurers are ordinarily subject to state-law tort claims. I do not see how subjecting WYO insurers to the same rules to which they are normally subject would affect their behavior. As for the danger that WYO insurers will err on the side of over-paying claims, those incentives exist regardless of whether insurers are subject to state-law tort claims. When WYO insurers pay claims, they are paying out federal dollars, rather than their own; moreover, WYO insurers receive a 3.3% commission on paid claims. *See* 44 C.F.R. pt. 62, app. A, art. III.C.1; *see also, e.g., Stanton v. State Farm Fire & Cas. Co.*, 169 F. Supp. 2d 1109, 1117 (D.S.D. 2001) (discussing 3.3% commission and noting that "such companies make the real money . . . by paying claims"). If these facts do not lead to overpayment, then it is difficult to see how the added risk of tort liability will.

For these reasons, I conclude that the majority's holding with respect to its preemption analysis is flawed.[5]

---

[5] I find additional support for this conclusion in new regulations promulgated by FEMA. The standard flood insurance policy ("SFIP") in use since December 31, 2000, states that "[t]his policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act . . . and Federal common law." 44 C.F.R. pt. 61, app. A(1), art. IX. FEMA promulgated this new regulation with the clear intent of preempting state-law tort claims. *See* National Flood Insurance Program (NFIP); Insurance Coverage and Rates, 65 Fed. Reg. 34824, 34826-27 (May 31, 2000). Because this provision was not part of the SFIP sold to the Gibsons, it is not applicable in the present case, as American concedes. Thus, this panel need not address in the present case whether this new clause in the SFIP would preempt state-law tort claims against WYO insurers. That FEMA saw the need to promulgate such a regulation, however, strongly suggests that the NFIA did not clearly and

congressional objectives because fear of such liability would lead WYO insurers to "err on the side of overpaying claims." *Scherz*, 112 F. Supp. 2d at 1008. *But see Davis*, 96 F. Supp. 2d at 1004 (rejecting the argument that "state-law claims interfere with the statutory scheme and frustrate the intent of Congress, while depleting federal funds in a manner not contemplated by Congress"). Another district court concluded that "WYO insurers . . . would be less willing to participate in the NFIP program were they to be held subject to state law claims for bad faith or unfair trade practices." *Neill v. State Farm Fire & Cas. Co.*, 159 F. Supp. 2d 770, 776-77 (E.D. Pa. 2000).[4]

The federal courts that have considered this issue, in short, have disagreed over just how concrete the asserted conflict must be. In other words, it is possible that state-tort liability will have the dire consequences that some courts have predicted, but is that possibility probable enough to establish an adequate basis for displacing state law? I think not. In a recent case, the Supreme Court reaffirmed that "a court should not find pre-emption too readily in the absence of clear evidence of a conflict." *Geier v. American Honda Motor Co.*, 529 U.S. 861, 885 (2000); *see also English*, 496 U.S. at 90 ("The Court has observed repeatedly that pre-emption is

---

[4]The majority discusses, without explicitly adopting, the theory that state-law claims related to the claims-handling process, such as the Gibsons', can be distinguished from those related to the policy-procurement process. The courts adopting this approach have generally held that the former are preempted by federal law but that the latter are not. *See, e.g., Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 129 F. Supp. 2d 1024, 1029-31 (S.D. Tex. 2001); *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 513, 521 (D.N.J. 2000). This distinction is based, in large part, on the theory that all disputes arising out of the disallowance of claims, i.e., "coverage" issues, broadly construed, are to be governed by federal law. This theory cannot explain, however, why the NFIA and FEMA-promulgated regulations indicate that WYO companies may not reimbursed for their own errors, omissions, and/or negligence. In my view, the statute and regulations in force at the time the Gibsons purchased their policy strongly suggest that WYO companies are subject to state-law tort liability for all of their errors, omissions, and/or negligence, rather than only those related to policy procurement.

---

the United States District Court of the district in which the insured property was located at the time of loss.

44 C.F.R., pt. 61, App. A(1), Art. 9, R (1997).[2] While forum selection clauses in contracts do not deprive courts of jurisdiction, they are presumptively valid. *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). In light of the lack of any judicial authority supporting the filing of plaintiffs' suit in state court and given that plaintiffs were explicitly put on notice of the need to sue defendant in federal court through the specific contractual language of the SFIP, there are no exceptional circumstances that justify the tolling of the statute of limitations. *See Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348 (11th Cir. 2000) (filing in state court did not toll statute of limitations on plaintiff's SFIP claims because state court did not have jurisdiction).

That leaves plaintiffs' final argument that their claims under the Kentucky Unfair Claims Settlement Statute, Ky. Rev. Stat. § 304.12-230, should be remanded to state court. If plaintiffs' claims under the Kentucky statute are preempted by NFIA, there are no claims to remand to state court. Under the Supremacy Clause of the United States Constitution, "state laws that 'interfere with, or are contrary to the laws of congress, made in pursuance of the constitution' are invalid." *Wis. Pub. Intervenor v. Mortier*, 501 U.S. 597, 604 (1991) (quoting *Gibbons v. Ogden,* 22 U.S. (9 Wheat) 1, 211 (1824)). Whether federal law preempts state law turns principally on congressional intent. *N.W. Cent. Pipeline Corp. v. State Corp. Comm'n of Kan.*, 489 U.S. 493, 509 (1989).

---

[2]The terms of the SFIP are set forth in 44 C.F.R. pt. 61, App. A, and must be issued by WYO companies without alteration. 44 C.F.R. §§ 61.4(b), 61.13(d), 62.23(c), 63.23(d). *See Neuser v. Hocker*, 246 F.3d 508, 510 (6th Cir. 2001). The language in Article 9, R of the SFIP was amended on October 12, 2000, as part of a "plain English" revision that did not result in any substantive changes.

This court will give preemptive effect to federal law where (1) a federal statute expressly preempts state law, (2) a federal law impliedly preempts state law, or (3) federal law and state law actually conflict. *Gustafson v. City of Lake Angelus*, 76 F.3d 778, 782-83 (6th Cir.1996). State and federal law actually conflict when "compliance with both federal and state regulations is a physical impossibility," *Fla. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-43 (1963), or when a state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Hines v. Davidowitz,* 312 U.S. 52, 67 (1941). Implied preemption occurs "if a scheme of federal regulation is 'so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it,' if 'the Act of Congress . . . touch[es] a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject,' or if the goals 'sought to be obtained' and the 'obligations imposed' reveal a purpose to preclude state authority." *Mortier,* 501 U.S. at 605 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)).

While this circuit has not addressed this issue, most courts have consistently found that NFIA preempts state law claims that are based on the handling and disposition of SFIP claims. *See Novikov v. Allstate Ins. Co.*, No. Civ. S-01-0305 WBS/G, 2001 WL 880852 (E.D. Cal. July 11, 2001) (state law claims of breach of contract, breach of the covenant of good faith and fair dealing, and intentional and negligent infliction of emotional distress under an SFIP were preempted by NFIA because applicability of state law would undermine a nationally unified program of flood insurance); *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 129 F. Supp.2d 1024 (S.D. Tex. 2001) (claims of breach of duty of good faith and fair dealing and violations of Texas law are preempted by NFIA); *Neill v. State Farm Fire & Cas. Co.*, 159 F. Supp.2d 770, (E.D. Pa. 2000) (ex-contractual causes related to the insurance company's claims handling under state law was preempted). Some cases have distinguished between state law claims based on the handling of an SFIP claim and those

the first prong, there is nothing in the record to indicate that American could not comply with both Kentucky and federal requirements in their dealings with the Gibsons and other insureds, at least on the facts of this case. After all, American should be able to comply with the requirements of the NFIP without breaching duties of good faith and fair dealing imposed by Kentucky statutory and common law. This conclusion is further bolstered by FEMA regulations, which dictate that "[i]n carrying out its functions . . . a WYO Company shall use its own customary standards, staff and independent contractor resources, as it would in the ordinary and necessary conduct of its own business affairs." 44 C.F.R. § 62.23(e). This provision appears to require that WYO insurers comply with state insurance law, just as they would in their ordinary, i.e., non-NFIP, business.

With respect to the second prong, the better conclusion is that subjecting WYO insurers to state-law tort liability will not impede Congress's goals in enacting the NFIA. Although it could be argued that the application of state tort law to the handling of claims under the NFIA will result in different rules in different states, which will in turn obstruct congressional objectives, I agree with the *Davis* court that such a result is unlikely:

> Chaos is unlikely. Nationwide insurers are already subject to fifty separate regimes. . . . [T]he NFIP works incredibly well and results in very few law suits of this nature. It is hard to believe that the NFIP will be compromised merely if states subject WYO carriers to their normal rules that apply to the same carriers in non-NFIP contexts, all the more so since FEMA's own regulations contemplate that such suits will occur from time to time.

*Davis*, 96 F. Supp. 2d at 1003.

This is a close question, and many courts have reached the conclusion that state-law tort claims conflict or obstruct the objectives of the NFIP. One district court, for example, concluded that state-law tort claims would frustrate

recognized . . . as a reimbursable loss cost, expense or expense reimbursement.

44 C.F.R. pt. 62, app A, art. III.D.4. As discussed *supra*, the payment of claims arising under the WYO policies — claims that are governed by federal law and over which federal courts have exclusive jurisdiction — are reimbursed by FEMA. But these regulations envision that WYO insurers will incur litigation costs that are *not* reimbursable under the NFIA. *See also* 44 C.F.R. pt. 62, app. A, art. IX ("[T]he responsible party shall bear all liability attached to that delay, error or omission to the extent permissible by law."). Although the regulations, like 42 U.S.C. § 4081(c), do not explicitly state that these liabilities will arise under state law, the clear implication is that these costs related to "negligence," or, in the terms of § 4081(c), "error or omission," will arise from state-law tort claims. *See also Bleecker*, 130 F. Supp. 2d at 735; *Davis*, 96 F. Supp. 2d at 1002; *Stanton v. State Farm Fire & Cas. Co.*, 78 F. Supp. 2d 1029, 1037 (D.S.D. 1999) ("Clearly, state tort claims were contemplated and were not expressly prohibited.").

Similarly, National Flood Insurance Program ("NFIP") regulations require that WYO insurers be licensed by the State to "engage in the business of property insurance," 44 C.F.R. § 62.23(a), and allow for state auditing and regulation of WYO insurers, *see* 44 C.F.R. Pt. 62, App. B (b) ("The WYO Companies are subject to audit, examination, and regulatory controls of the various States."). *See also Moore v. Allstate Ins. Co.*, 995 P.2d 231, 236 (Alaska 2000) (noting that "the federal government did not preempt all state involvement in flood insurance").

Finally, the Gibsons' state-law claims are not preempted because of a conflict between Kentucky law and the federal statute or its objectives. Conflict preemption occurs (1) "where it is impossible for a private party to comply with both state and federal requirements," or (2) where state law would frustrate the objectives of Congress in enacting the federal legislation. *English*, 496 U.S. at 79. With respect to

that are related to the procurement of the policy. *See Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp.2d 513, 522-23 (D. N.J. 2000) (state law claims were nothing more than disagreement with disposition of SFIP claim and are barred by field preemption under NFIA). Some courts have found that claims relating to the procurement of the policy are not preempted by NFIA. *See Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793 (5th Cir. 1993); *Powers v. Autin-Gettys-Cohen Ins. Agency*, No. CIV. A. 00-1821, 2000 WL 1593401 (E.D. La. Oct. 24, 2000). *But see Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp.2d. 726 (E.D. N.C. 2000) (no preemption because federal funds would not be used to pay damages for torts committed by WYO companies).

In this case, plaintiffs claim defendant violated the Kentucky statute by failing to act promptly on communications, refusing to pay the claim, failing to affirm coverage, and not attempting a good faith settlement. All of these claims are in essence over the disposition of the SFIP claim. They are all based on defendant's handling and denial of coverage under the SFIP. Congress and FEMA have regulated the claims adjustment process and judicial review of coverage claims under flood insurance policies. Uniformity of decision requires the application of federal law and precludes the enforcement of state laws on the same subject. If plaintiffs prevail, their coverage claims will be paid with federal funds. The defense costs incurred by defendant are also covered by federal funds. *See* 44 C.F.R. § 62.23(i)(6). It is unnecessary for us to decide whether policy procurement type state law claims are preempted by NFIA. The claims asserted by plaintiffs clearly are preempted by NFIA and are within the exclusive jurisdiction of the federal courts. These claims, therefore, are likewise barred by the statute of limitations; and there are no claims to remand to state court.

**AFFIRMED.**

---

## CONCURRING IN PART, DISSENTING IN PART

---

KAREN NELSON MOORE, Circuit Judge, concurring in part and dissenting in part. I concur in the majority's conclusion that the federal courts have exclusive original jurisdiction over lawsuits challenging the disallowance of claims against private insurers participating in the Write Your Own ("WYO") program under the National Flood Insurance Act ("NFIA"), pursuant to 42 U.S.C. § 4072. I disagree, however, with the majority's conclusion that federal law preempts the Gibsons' state-law tort claims. I also disagree with the majority's conclusion that equitable tolling is not appropriate under the present circumstances. For these reasons, I respectfully dissent.

### I. PREEMPTION

The Gibsons argue on appeal that, even if the magistrate judge correctly determined that their federal contract claim for breach of the insurance policy was time-barred, the magistrate judge erred in dismissing their state-law tort claims against American instead of remanding them to Kentucky state court. Opposing the remand of these state claims to state court, the WYO insurer, American Bankers Insurance Co. ("American"), argues (1) that remanding these state-law claims would be inconsistent with the exclusive jurisdiction of the federal courts under § 4072, and (2) that these state-law tort claims are preempted by federal law. I consider each of these arguments in turn.

### A. Exclusive Federal Jurisdiction over State-Law Tort Claims

With respect to American's first argument, it is clear that Congress may confine jurisdiction over federal claims to the federal courts and thus override, in effect, the concurrent jurisdiction of the state courts. *See, e.g., Tafflin v. Levitt*, 493 U.S. 455, 459-60 (1990); *Gulf Offshore Co. v. Mobil Oil*

company is really a suit against FEMA, because § 4081(c) specifically prohibits FEMA from indemnifying an insurer "for his or her error or omission." Because the NFIA makes no explicit provision for insureds to sue WYO insurers for such errors and omissions, the logical conclusion is that Congress intended insureds to employ state tort law to sue WYO insurers in such circumstances. *See Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp. 2d 726, 734 (E.D.N.C. 2000) ("As NFIA does not provide a cause of action for an insurance agent's 'error or omission,' it is logical to conclude that Congress intended for plaintiffs to avail state law remedies to address an insurer's tortious misconduct."); *Davis v. Travelers Prop. & Cas. Co.*, 96 F. Supp. 2d 995, 1002 (N.D. Cal. 2000) ("Given that the NFIA has no provision for holding insurers liable for error or omissions, a logical conclusion . . . is that Congress contemplated that state tort law could apply to the conduct of WYO insurers.").

In addition, regulations promulgated by FEMA under the NFIA reinforce this conclusion. For example, in describing the arrangement between FEMA and the WYO insurers, the regulations state, in relevant part:

> Limitation on Litigation Costs. Following receipt of notice of [a] claim, the Office of General Counsel (OGC), FEMA, shall review the information submitted. If it is determined that the claim is grounded in actions by the [insurer] that are outside the scope of this Arrangement, the [NFIA], and 44 CFR chapter 1, subchapter B, and/or involve issues of insurer/agent negligence . . . the OGC shall make a recommendation to the Administrator as to whether the claim is grounded in actions by the [insurer] that are significantly outside the scope of this Arrangement. In the event the Administrator determines that the claim is grounded in actions by the [insurer] that are significantly outside the scope of this Arrangement, the [insurer] will be notified, in writing, within thirty (30) days of the Administrator's decision, if the decision is that any award or judgment for damages arising out of such actions will not be

provision.); *id.* n.5 ("In an amicus brief . . . the United States and FEMA acknowledge[] that the NFIA does not contain an express preemption provision."). Some courts that have held, incorrectly, that § 4072 expressly preempts state-law tort claims based on a broad reading of the term "claim" as used in that provision. *See, e.g., Mason v. Witt*, 74 F. Supp. 2d 955, 963 (E.D. Cal. 1999) (holding "that state law tort claims are preempted" under an express preemption theory); *Stapleton v. State Farm Fire & Cas. Co.*, 11 F. Supp. 2d 1344, 1346-47 (M.D. Fla. 1998) (same). The majority opinion is perhaps best read as adopting this view. As discussed *supra*, however, the NFIA expressly provides, in § 4081(c), that WYO insurers are liable for their own errors and omissions, and it seems unlikely that Congress intended to preempt state-law tort claims where federal funds are not at stake.[3]

Second, Congress did not intend federal law to occupy the field of flood insurance regulation to the exclusion of state tort law. This conclusion is based primarily on the structure and language of the NFIA itself. In enacting the NFIA, Congress provided that FEMA would bear the costs incurred by the WYO insurers in litigating claims arising out of claims under the WYO policies themselves. Thus, as the *Van Holt* court recognized, "a lawsuit against a WYO company is, in reality, a suit against FEMA." *Van Holt*, 163 F.3d at 167. But, as discussed *supra*, not every lawsuit against a WYO

---

[3] This interpretation of the NFIA is informed, in part, by the Supreme Court's recent opinion in *Geier v. American Honda Motor Co.*, 529 U.S. 861 (2000). In *Geier*, the Court posited that a saving clause, 15 U.S.C. § 1397(k), included in the National Traffic and Motor Vehicle Safety Act of 1966, 15 U.S.C. § 1381 et seq., "assume[d]" the existence of "some significant number of common-law liability cases to save." *Geier*, 529 U.S. at 868. The Court thus concluded that "a reading of the [statute's] express pre-emption provision that excludes common-law tort actions gives actual meaning to the saving clause's literal language, while leaving adequate room for state tort law to operate." *Id.* Similarly, in the present case, to hold that § 4072 expressly preempts state-law tort claims would deprive § 4081(c) of much of its meaning, as that provision clearly assumes that WYO insurers will incur tort liability in a number of cases.

---

*Corp.*, 453 U.S. 473, 477-78 (1981). But this rule applies only to federal claims — Congress may not confine jurisdiction over state claims to the federal courts — so the issue is really whether the Gibsons advanced federal or state claims in their complaint.

The majority agrees with American that § 4072 should be interpreted broadly to encompass the Gibsons' state-law tort claims. The statutory provision at issue states that "upon the disallowance . . . of any . . . claim . . . the claimant, within one year . . . may institute an action . . . on such claim in the United States district court . . . ., and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action." 42 U.S.C. § 4072. The majority holds that the Gibsons' state-law tort "action" was really based on the disallowance of their insurance claim and thus that the federal district courts had exclusive jurisdiction over that action.

In effect, the majority transforms the Gibsons' state-law tort claims into a contractual claim and then holds that that claim is preempted by federal law.[1] The *Van Holt* court endorsed this interpretation of the NFIA, holding that it effectively

---

[1] We have previously held that "federal common and statutory law preempts state principles of contracts law for purposes of the interpretation of NFIP policies." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Thus, in *Berger* we affirmed the district court's dismissal of state-law contract claims because those claims were preempted by federal law. Similarly, the Gibsons' claim that American breached the terms of the WYO policy itself is clearly preempted by federal law and subject to exclusive federal jurisdiction. *See also, e.g., Sodowski v. Nat'l Flood Ins. Program*, 834 F.2d 653, 655 (7th Cir. 1987) ("Federal common law controls the interpretation of insurance policies issued pursuant to the [NFIP].""), *cert. denied*, 486 U.S. 1043 (1988); *Atlas Pallet, Inc. v. Gallagher*, 725 F.2d 131, 135 (1st Cir. 1984) ("It is settled that federal law controls disputes over the coverage of insurance policies issued pursuant to the [NFIP].""); *West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979) ("In sum, federal law controls disputes over the coverage of insurance policies issued pursuant to the [NFIA] . . . ."). The difficulty is that the Gibsons primarily alleged state-law *tort* claims rather than contractual claims.

confines jurisdiction over state-law claims "sounding in tort" but which "are intimately related to the disallowance of their insurance claim" to the federal courts. *See Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 167 (3d Cir. 1998). In reaching this conclusion, however, *Van Holt* specifically *declined* to hold that the state-law claims were preempted by federal law. *See id.* at 169 n.6 ("[W]e need not decide whether the NFIA preempts the state-law claims."). Instead, that court based its holding on the fact that "federal funds are at stake in this suit." *Id.* at 167. The *Van Holt* court concluded that there was exclusive federal jurisdiction under § 4072 over state-law claims sounding in tort, even though the *Van Holt* insureds had not alleged, explicitly, that the WYO insurer had violated the terms of the insurance policy. *See id.* Instead, the *Van Holt* insureds had alleged that the WYO insurer had violated the New Jersey Consumer Fraud Act and acted in bad faith. Presumably, the *Van Holt* insureds could not have prevailed on these tort claims without establishing that the WYO insurer violated the terms of the policy.

*Van Holt* may be read to stand for the proposition that claims against WYO insurers are, effectively, federal claims where the federal government would be required, by statute, to cover the liability of the WYO insurers on those claims. Although I agree with this proposition in principle, I disagree with the *Van Holt* court's application of it to insureds' state-law tort claims. Not every lawsuit against a WYO insurer is really a suit against FEMA, with costs to be paid ultimately out of the U.S. Treasury. Although FEMA covers the expenses of WYO insurers in paying out claims and in litigating challenged disallowances in federal court, the NFIA states a clear exception to this rule: "[t]he Director of the Federal Emergency Management Agency may not hold harmless or indemnify an agent or broker for his or her error or omission." 42 U.S.C. § 4081(c). Thus, under the NFIA the federal government is not obligated to indemnify WYO insurers for state-law tort liability arising from their handling of flood insurance claims. To put the matter simply, federal funds are not at stake in cases such as this, and thus the tort claims pleaded by the Gibsons should properly be considered

state-law tort claims rather than federal-law contract claims, even under the reasoning of *Van Holt*.

The issue, then, is whether the Gibsons' state-law tort claims *qua* tort claims are preempted by federal law. The majority concludes that they are, but, as demonstrated in the next section, this conclusion cannot be squared with the statutory and regulatory language in effect at the time this lawsuit was initiated.

## B. Preemption of State-Law Tort Claims

Under the Supremacy Clause, U.S. Const. art. VI, cl. 2, federal law can preempt state law in three different ways. First, in cases of express preemption, Congress explicitly defines "the extent to which its enactments pre-empt state law." *English v. General Elec. Co.*, 496 U.S. 72, 78 (1990). Second, in cases of field preemption, "state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively." *Id.* at 79. Congressional intent to occupy a field of regulation in this way will be inferred where federal regulation is pervasive or where the federal interest dominates, precluding state regulation. *See id.* Third, in cases of conflict preemption, "state law is pre-empted to the extent that it actually conflicts with federal law." *Id.*

Despite the majority's conclusion to the contrary, the NFIA does not preempt state-law tort claims such as the Gibsons' in any of these ways.[2] First, Congress has not explicitly preempted state-law tort claims, as the NFIA does not include an express preemption provision. *See Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796 n.20 (5th Cir. 1993) ("The NFIA contains no express preemption provision."); *Scherz v. S. Car. Ins. Co.*, 112 F. Supp. 2d 1000, 1004 (C.D. Cal. 2000) ("[T]he NFIA does not contain an express preemption

---

[2]The majority opinion is not clear as to which preemption doctrine it is applying in the present case. For this reason, I analyze the issue under all three doctrines.