# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1666
_____

United States of America

*Plaintiff - Appellee*

v.

Charles Andrew Crocker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 17, 2012
Filed: September 27, 2012
(Unpublished)

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Charles Crocker appeals his 121-month sentence, imposed by the district court[1] following the entry of a guilty plea for one count of conspiracy to possess with intent

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

to distribute oxycontin and hydrocodone. Crocker's claims on appeal are twofold but interrelated. He argues that not only was his trial counsel ineffective for failing to adequately and vigorously cross-examine a government witness, but that the district court erred in relying upon that particular testimony in calculating the drug quantity attributed to Crocker for sentencing purposes.

It is the exceptional circumstance wherein we address Crocker's claims regarding his counsel's representation in a direct appeal such as this. "This is not an instance 'where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent.'" United States v. Sanchez-Garcia, 685 F.3d 745, 755 (8th Cir. 2012) (quoting United States v. Hubbard, 638 F.3d 866, 869 (8th Cir. 2011). We thus decline to address the ineffective-assistance claim on appeal. A post-conviction proceeding is the appropriate venue for Crocker's claims.

As to the court's drug quantity calculation, the plea entered by Crocker in this case followed an investigation by law enforcement into certain of Crocker's dealings in 2009 and 2010. At sentencing, the government offered the testimony of five individuals concerning the quantity of pills involved in the conspiracy to which Crocker pleaded guilty. Specifically, the government offered the testimony of one special agent of the Federal Bureau of Investigation involved in the investigation, as well as four individuals that purchased pills from Crocker. A sentencing court's calculation of drug quantity is a factual finding that we review for clear error, applying the preponderance-of-the-evidence standard. United States v. Turner, 603 F.3d 468, 471 (8th Cir.), cert. denied, 131 S. Ct. 820 (2010). This court will overturn a finding of drug quantity "only if the entire record definitely and firmly convinces us that a mistake has been made." United States v. Gonzales-Rodriguez, 239 F.3d 948, 953 (8th Cir. 2001) (internal quotation omitted). Additionally, "[a] district court's assessment of a witness's credibility is almost never clear error given that court's comparative advantage at evaluating credibility." United States v. Killingsworth, 413

F.3d 760, 763 (8th Cir. 2005).  We see no clear error here.  There is nothing in this record that definitely and firmly convinces us that a mistake has been made.

We affirm.

_____