RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0187p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MICHAEL H. HARRIS; BEVERLY D. HARRIS,

            *Plaintiffs-Appellants*,


    *v.*


NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, et al.,

            *Defendants*,


DAVID W. VANDENBERGH; FIRST AMERICAN FLOOD DATA SERVICES; FIRST AMERICAN CORPORATION; FIRST AMERICAN CORELOGIC, INC.; REGIONS BANK; AMSOUTH BANK, N.A.; REGIONS FINANCIAL CORPORATION,

            *Defendants-Appellees*.

No. 15-6132

_____

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:11-cv-00412—William J. Haynes, Jr., District Judge.

Decided and Filed:  August 8, 2016

Before:  GUY, BOGGS, and MOORE, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  David A. Binegar, BINEGAR CHRISTIAN, LLC, New Orleans, Louisiana, for Appellants.  Lars E. Schuller, LEWIS, THOMASON, KING, KRIEG & WALDROP, P.C., Knoxville, Tennessee, for First American Appellees.  Lauren Paxton Roberts, STITES & HARBISON, PLLC, Nashville, Tennessee, for Regions Appellees.

---

**OPINION**

---

RALPH B. GUY, JR., Circuit Judge.  Plaintiffs, Michael and Beverly Harris, appeal the district court's orders dismissing their claims against defendants-appellees.  We affirm in part, vacate in part, and remand.

**I.**

In August 2006, plaintiffs procured a mortgage from defendant-appellee Regions to purchase a home near the Cumberland River.  The deed of trust for the property obligated Regions to ensure that the flood-zone designation was correct, and that plaintiffs had proper insurance coverage.  The National Flood Insurance Act ("NFIA") also requires mortgagors to obtain flood insurance for properties in flood zones.  42 U.S.C. § 4012a(b)(1).  Defendant-appellee CoreLogic provided Regions with flood-zone certification services for the property.  The 1981 National Flood Insurance Program ("NFIP") Flood Insurance Rate Map ("FIRM") for the area showed that the property was in a Special Flood Hazard Area ("SFHA"), but CoreLogic informed plaintiffs that they did not need flood insurance because their property was in an "X" (non-SFHA) flood zone.  Plaintiffs purchased the home from George and Dorothy Logan.

The Federal Emergency Management Agency ("FEMA") issued a revised FIRM for the area in September 2006, and Regions promptly contacted plaintiffs to inform them that their home was in an "AE" flood zone, and that they must procure flood insurance within 45 days.  Plaintiffs hired defendant-appellee David Vandenbergh to purchase flood insurance from Nationwide.  The Standard Flood Insurance Policy ("SFIP") that Vandenbergh procured was a pre-FIRM policy, that is, a policy for a home constructed before the effective FIRM for the property.  *See* 44 C.F.R. § 59.1 (defining "Existing construction" and "New construction").  Plaintiffs' home, however, was built in 1984, after the 1981 FIRM for the area.  It therefore required a post-FIRM policy, under which they could receive full coverage only after obtaining an elevation certificate showing sufficient elevation above the base flood zone.  *See generally* 44 C.F.R. § 60.3 (outlining elevation certification requirements).  Plaintiffs received copies of

their pre-FIRM SFIP reflecting no coverage for their personal property, and did not opt to alter their coverage.

A flood struck the area in May 2010, submerging plaintiffs' home in 16" of water. Nationwide informed plaintiffs that the flood-zone rating information on their property was incomplete, due to the pre-/post-FIRM discrepancy, and Nationwide required an elevation certificate for full building coverage. Plaintiffs obtained an elevation certificate showing that their home's lower level was below the base flood-zone elevation. Nationwide adjusted plaintiffs' flood claim according to post-FIRM criteria, and did not cover certain building and personal property losses excluded in the relevant coverage limitations. Specifically, because plaintiffs' home was post-FIRM and situated below the base flood-zone elevation, their SFIP did not cover all building and personal property losses "below the lowest elevated floor." 44 C.F.R. § 61, App. A(1), Art. III(A)(8) & (B)(3) (2009). Following administrative review, FEMA upheld Nationwide's coverage determination.

Plaintiffs brought state and federal claims seeking damages for claim underpayment, diminution in property value, and wrongful purchase of the home. With the exception of one claim against Vandenbergh[1], the district court granted each defendant's motion to dismiss under FED. R. CIV. P. 12(b)(6), and accepted a stipulation dismissing Nationwide as a defendant. Plaintiffs attempted to appeal, as a collateral order, the dismissal of its claims against Regions. We dismissed for lack of jurisdiction, holding that the issues resolved by the district court were not separate from the merits of plaintiffs' claims and were adequately reviewable on appeal from a final judgment. *Harris v. Nationwide Mut. Fire Ins. Co.*, No. 12-5765 (6th Cir. Oct 22, 2012) (order). The district court ordered plaintiffs to notify the court of their intent to proceed with the remaining claim or face dismissal for failure to prosecute. In light of plaintiffs' inaction, the district court dismissed the case without prejudice. Plaintiffs appeal the district court's orders dismissing Regions, CoreLogic, and Vandenbergh.

---

[1]The district court granted in part and denied in part Vandenbergh's summary-judgment motion. Although plaintiffs' notice of appeal mentions the "dismiss[al] with prejudice [of] plaintiffs' claims against . . . Vandenbergh," their brief on appeal does not contest the district court's order granting in part his summary-judgment motion. We therefore consider abandoned any argument contesting partial summary judgment for Vandenbergh. *See United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006).

**II.**

We review *de novo* the district court's dismissal of plaintiff's complaint for failure to state a claim, and "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). We may affirm dismissal "on any supportable ground, even if the district court invoked other grounds for its ruling." *Ind. State Dist. Council of Laborers v. Omnicare, Inc.*, 583 F.3d 935, 942 (6th Cir. 2009).

**III.**

The NFIA aims to foster availability of affordable flood insurance. *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 946 (6th Cir. 2002). To that end, Congress authorized FEMA to "prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance." 42 U.S.C. § 4019(a). Pursuant to FEMA regulations, the Federal Treasury "back[s] all flood policy claim payments" by insurers issuing SFIPs. 44 C.F.R. § 62 App. A, Art. I (2009). A Treasury fund financed by insurance premium payments is available for "cost incurred in the adjustment and payment of any claims for losses." 42 U.S.C. § 4017(d)(1). Many circuit courts have thus recognized that "the federal treasury . . . is the class the [NFIA] intends to protect," *Wentwood Woodside I, L.P. v. GMAC Commercial Mortg. Corp.*, 419 F.3d 310, 323 (5th Cir. 2005) (collecting cases), and held that the NFIA preempts state-law causes of action arising from SFIP coverage claims, *see, e.g.*, *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005); *C.E.R. 1988, Inc. v. The Aetna Cas. and Sur. Co.*, 386 F.3d 263, 268, 270-71 (3d Cir. 2004) (noting that "remuneration for losses incurred in such suits . . . would directly burden the federal Treasury"); *Gibson*, 289 F.3d at 949; *accord* 44 C.F.R. § 61 App. A(1), Art. IX.

Plaintiffs rightly concede that the NFIA does not provide them, as borrowers, with a private right of action against lenders or flood-zone certifiers. On appeal, they renew only their state-law claims arising from procurement of their SFIP – namely, that they would not have purchased their home absent defendants-appellees' negligence and breach of fiduciary duty in

mistakenly determining their flood zone. At issue is whether the NFIA preempts such claims. In support of their argument that it does not, plaintiffs cite to *Hofbauer v. Nw. Nat'l Bank*, wherein the Eighth Circuit opined that "[t]he NFIA does not itself create a federal cause of action, but we do not think it prohibits a state court from finding negligence when there has been a violation of the statute." 700 F.2d 1197, 1201 (8th Cir. 1983).

The NFIA indisputably preempts state-law causes of action based on "the handling and disposition of SFIP claims." *Gibson*, 289 F.3d at 949. However, we have withheld judgment on "whether policy[-]procurement[-]type state[-]law claims," such as plaintiffs', "are preempted by [the] NFIA." *Id.* at 949-50. The Fifth Circuit has distinguished claims-handling causes of action from policy-procurement causes of action, and held that the NFIA does not preempt state-law claims "to the extent that they implicate [insurers'] acts or omissions regarding issuance of the policy because those claims are procurement-based, not claims-handling-based." *Spong v. Fid. Nat'l Prop. and Cas. Ins. Co.*, 787 F.3d 296, 306 (5th Cir. 2015). In determining whether a plaintiff's cause of action arises from claim handling or policy procurement, the Fifth Circuit looks to whether the plaintiff was "already covered" by a SFIP, or instead was a "potential future policyholder." *Id.*

We agree with the Fifth Circuit's approach and hold that the NFIA does not preempt policy-procurement claims such as plaintiffs'.[2] Damages stemming from policy-procurement claims, unlike those arising from policy-coverage claims, are not "flood policy claim payments." 44 C.F.R. § 62 App. A, Art. I. That being so, the Federal Treasury bears no responsibility for damages awarded in policy-procurement actions. *See* 42 U.S.C. § 4017(d)(1) (authorizing Treasury fund payments for "cost incurred in the adjustment and payment of any *claims for losses*" (emphasis added)). Policy-procurement damages, therefore, pose no danger to the federal interests prompting preemption in the claims-handling context, i.e., "reduc[ing] fiscal pressure on federal flood relief efforts." *C.E.R. 1988, Inc.*, 386 F.3d at 270. Moreover, general conflict-preemption principles do not compel barring state-law policy-procurement claims. It is possible to comply with both state tort laws and FEMA regulations, and state laws regarding

---

[2]Insofar as this court held that state-law claims for negligence arising in the course of policy procurement are preempted by the NFIA in *Weise v. CoreLogic Flood Servs., LLC*, No. 12-5374, slip op. at 3 (6th Cir. March 13, 2013) (order), that unpublished order is overruled.

misrepresentation and breach of fiduciary duty in the policy-procurement process do not "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" in enacting the NFIA.  *Id.* at 269 (quoting *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 222 (3d Cir. 2001)).

Because plaintiffs were potential future policyholders at the time the alleged wrongs occurred, to the extent that their state-law claims arise solely from the policy-procurement process, the NFIA does not preempt them.  Although we express no view on the merits of plaintiffs' claims under Tennessee law, they are claims which, if proven, entitle plaintiffs to relief.

* * *

We **AFFIRM** the district court's partial grant of summary judgment to Vandenbergh, **VACATE** its orders dismissing the remaining defendants-appellees, and **REMAND** to the district court for proceedings consistent with this opinion.