In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3473

Michael Downey,

Plaintiff-Appellee,

v.

State Farm Fire & Casualty Co.,

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of Illinois.
No. 98-1118--Michael M. Mihm, Judge.

On Petition for Rehearing and
Rehearing En Banc


  Before Easterbrook, Rovner, and Diane P.
Wood, Circuit Judges.

  Per Curiam.  State Farm has filed a
petition for rehearing, with the support
of the Federal Emergency Management
Agency as amicus curiae. The fema contends
that our conclusion with respect to the
jurisdictional issue--that suits seeking
indemnity on flood insurance policies may
be filed under 28 U.S.C. sec.1331 because
the interests of the United States are at
stake, but not under 42 U.S.C. sec.4072
unless the Director of fema is named as a
defendant--"does great harm to the
National Flood Insurance Program." With
all due respect to the fema's position, we
think that this considerably overstates
matters.

  According to the fema, our decision has
three adverse consequences: first, it
will induce insureds to sue the Director,
which will strain available federal
resources; second, it will allow insureds
to sue in state court despite the
exclusive-jurisdiction language in
sec.4072; third, it will allow insureds
to delay suit past the one-year period of
limitations in sec.4072. Our decision has
none of these consequences, however.

  First, the possibility of suit directly
against the Director is created not by
our decision but by the language of

sec.4072 itself. It is an option, however, only when the Director has disallowed a claim. According to the fema's amicus brief, the Director deals directly with claims in only some 5% of all cases; in the remainder, therefore, sec.4072 does not permit suit against the Director. Our opinion does not increase the Director's exposure beyond what the statute itself provides. What we held is instead that sec.4072 does not allow suits directly against insurers, which cannot be called "the Director" even when they administer the program on behalf of the fema. Nothing in the amicus brief persuades us that we should disregard the express language of sec.4072 and treat it as creating federal jurisdiction over suits against private insurers. Private entities often carry out governmental programs, but statutes authorizing suit against the Secretary of Defense do not create jurisdiction over litigation against defense contractors, and laws permitting suit against the Administrator of Social Security do not create jurisdiction of litigation against the private fiscal intermediaries in the Medicare program. We see no good reason why sec.4072 should be read to mean something that it does not say.

Second, the possibility of suit in state court is hardly a major concern, given the option of removal under 28 U.S.C. sec.1441(b). All claims seeking indemnity under flood insurance policies arise under federal law, we held, and therefore all may be removed. That is not all: The fema can, and did, preclude filing in state court in the first place. Insureds and insurers alike must live by the language in the policies--language that has been established by federal regulation. Like every other residential flood insurance policy, Downey's provided: "you must file [any] suit in the United States District Court of the district in which the insured property was located at the time of loss." 44 C.F.R. Part 61, App. A(1), Article 9, Clause R. This forum-selection clause is enforceable, see Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991), and prevents litigation in state court just as sec.4072 would do.

Third, the amicus brief's concern about delay in filing suit is addressed by the same clause of the policy. It provides:

"[i]f you do sue, you must start the suit within 12 months from the date we mailed you notice that we have denied your claim". The fema's brief, though full of dire predictions, pays no attention to language in the policy that prevents the outcomes about which the fema expresses such concern. Has the fema forgotten the terms of its own regulations? At all events, it is unnecessary for us to grant rehearing and warp the language of sec.4072 in order to bring about a state of affairs that the fema has achieved byregulation without inflicting any distress on the United States Code.

All three members of the panel have voted to deny rehearing, and no judge in active service has called for a vote on the petition for rehearing en banc. Rehearing and rehearing en banc are accordingly denied.