**Agnes and Marcus K. BAREFIELD**
Plaintiffs,

v.

**STATE FARM AND CASUALTY COMPANY Defendants.**

No. CIV.A. G–03–682.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 9, 2003.

Anthony P Griffin, Attorney at Law, Galveston, TX, for Agnes Barefield, Marcus K Barefield, plaintiffs.

Warren Royal Taylor, Taylor and Taylor, Houston, TX, for State Farm Fire and Casualty Company, defendant.

1. Plaintiffs' Original Petition stated that they were seeking damages associated with a homeowner's insurance policy. It became

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

KENT, District Judge.

Agnes and Marcus Barefield ("Plaintiffs") filed this action in Galveston County District Court seeking damages under their flood insurance policy.[1] State Farm ("Defendant") removed the case to this Court pursuant to the Court's federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a). Plaintiffs now seek to have this action remanded, alleging that this Court does not have exclusive jurisdiction over their claims, and that removal was not timely. Defendant argues that this Court does have exclusive jurisdiction over the action and that even if the Court's jurisdiction is concurrent with the state court's, removal was timely. For the reasons articulated below, Plaintiff's Motion to Remand is respectfully **DENIED**.

■ At the time of the dispute made the basis of this case, Plaintiffs were the owners of a flood insurance policy issued pursuant to the National Flood Insurance Program ("NFIP") as set out in the National Flood Insurance Act ("NFIA"). *See* 42 U.S.C. § 4001. Under the NFIA, the Federal Emergency Management Administration ("FEMA") administers the regulatory scheme surrounding the NFIP. Pursuant to its congressionally delegated authority, FEMA has promulgated regulations establishing the Write Your Own ("WYO") program, which allows private insurance companies to issue Standard Flood Insurance Policies ("SFIP"). *See* 42 U.S.C. § 4071. The policy owned by Plaintiffs was such an SFIP administered by Defendant as a WYO insurer. Jurisdiction over disputes stemming from deni-

clear through discovery that Plaintiffs were actually seeking damages under a flood insurance policy.

al of claims under an SFIP is governed by 42 U.S.C. § 4072, which provides:

In the event the program is carried out as provided in section 4071 of this title, the Director [of FEMA] shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

The main issue in this Motion to Remand is whether the original exclusive jurisdiction conferred by section 4072 extends to suits brought against the private WYO insurers. If it does, then this Court is the only Court that can hear this dispute, and the timeliness of Defendant's removal is a nonissue. If section 4072 does not apply to actions such as the one currently before the Court, and there is no other basis for exclusive jurisdiction, federal jurisdiction is concurrent with that of the state court, and Defendant's removal must have been timely in order to maintain the action in this Court. *See* 28 U.S.C. § 1446; *Downey v. State Farm Fire & Cas.*, 266 F.3d 675 (7th Cir.2001), *reh'g denied* 276 F.3d 243 (7th Cir.2001).

Plaintiffs support their Motion with the plain language of section 4072 and argue that since the statute only mentions actions against the Director, it does not apply to actions against a private insurer. Defendant argues that a suit against a WYO insurer is the functional equivalent of a suit against the Director, and the jurisdictional requirements of section 4072

should apply to the present action. In addition, Defendant argues that the forum-selection clause in the insurance policy mandates that the proceedings continue in this Court. The Court finds Defendant's position more persuasive and applicable in light of the Congressional intent of the NFIA and established legal precedent on this issue.

The plain language of section 4072 is confined to suits against the Director of FEMA, but in interpreting the statute, courts must also look to the context and objectives of the statute. *See Crandon v. United States*, 494 U.S. 152, 158, 110 S.Ct. 997, 1001, 108 L.Ed.2d 132 (1990). Although the Fifth Circuit has yet to do this with respect to section 4072 as it applies to lawsuits against private insurers, rulings in other Circuits are instructive to this Court. Both the Sixth and the Third Circuits have ruled that section 4072 grants exclusive jurisdiction to federal courts in cases identical to the instant case. In so ruling, they focus on the objectives of the NFIA and the realistic application of the NFIA to claims against WYO insurers. *See Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943 (6th Cir.2002); *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161 (3rd Cir.1998). The Seventh Circuit ruled that although section 4072 did not provide district courts with exclusive jurisdiction, the SFIP's forum selection clauses prohibited filing cases in state court. *See Downey*, 266 F.3d 675, *reh'g denied* 276 F.3d 243. This Court agrees with the reasoning in *Gibson* and *Van Holt* as it pertains to the interpretation of section 4072 and finds that the Fifth Circuit would most likely agree with it also.

Although section 4072 only mentions the FEMA Director specifically, the structure of the NFIA as a whole and the regulations FEMA has promulgated in accordance with the Act are such that a lawsuit

against a WYO insurer is identical to a lawsuit against the FEMA director for all practical purposes. A WYO insurer is a fiscal agent of the United States, and although FEMA requires WYO insurers to defend themselves against claims, all defense costs are reimbursed by FEMA. *See* 42 U.S.C. § 4071(a)(1); 44 C.F.R. § 62.23(i)(6). An insured's claims under an SFIP are ultimately paid by FEMA, and an insurer must turn over any profits in excess of its operating costs. *See* 44 C.F.R. Pt. 62, App. A, Art. IV(A); 44 C.F.R. Pt. 62, App. A, Art. VII(B). The WYO insurers are basically administrators, and FEMA bears all of the risk under the NFIP. *See Gibson,* 289 F.3d at 947.

Since FEMA bears the risks of litigation regardless of the style of the case, it makes little sense that Congress would create exclusive jurisdiction only in cases brought against the Director. *See id.; Van Holt,* 163 F.3d at 167. If Plaintiffs can avoid exclusive federal jurisdiction by naming the WYO insurer as the defendant, section 4072 is rendered meaningless. FEMA agrees that section 4072 is meant to extend to suits against private carriers, as evidenced by its *amicus curiae* filing in *Van Holt.* Since FEMA is charged with administering the NFIP, its interpretation of the NFIA is entitled to substantial deference in this Court. *See Smiley v. Citibank,* 517 U.S. 735, 739, 116 S.Ct. 1730, 1732, 135 L.Ed.2d 25 (1996); *Jamal v. Travelers Lloyds of Tex. Ins. Co.,* 97 F.Supp.2d 800, 805 (S.D.Tex.2000). In this case, the deference due FEMA's statutory interpretation is in accordance with the Court's understanding of the precedent and Congressional intent surrounding the statute. Accordingly, the Court concludes that section 4072 applies to this case, and it is properly within this Court's original exclusive jurisdiction. Remand to state court would not be appropriate, since this action would not fall under its jurisdiction.

In reaching its conclusion, this Court has considered the hypothetical resolution of this issue in the Fifth Circuit. Although the Court feels that the Fifth Circuit would adopt the reasoning of the Sixth and Third Circuits with regard to section 4072, today's denial of Plaintiffs' Motion to Remand can also be supported on other grounds. Since claims under a flood insurance policy arise under federal law, they may be removed. *Downey,* 266 F.3d 675, at 680–82. "That is not all: The FEMA can, and did, preclude filing in state court in the first place." *Downey,* 276 F.3d at 243. All SFIP's include a forum-selection clause mandating federal filing of all suits brought under the policy in the district court of the district in which the insured property is located. Although the Court has not been provided with a copy of the Barefields' policy, it assumes without deciding that the policy also includes the standard forum-selection clause. The forum-selection clauses preclude the maintenance of these cases in state court. *See id.; see also Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Since there is no state court jurisdiction over this case, the timeliness of Defendant's removal is irrelevant and is not reached.

For the reasons articulated above, Plaintiffs' Motion to Remand is **DENIED.**

**IT IS SO ORDERED.**